FILED

06 SEP -8 AM 9: 05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD TERRY,<br><br>        Petitioner,<br><br> v.<br><br>R.K. WONG, Warden, et al.,<br><br>        Respondents. | Civil No. 06cv1669 BTM (BLM)<br><br>**NOTICE OF POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO PAY FILING FEE OR PROPERLY MOVE TO PROCEED IN FORMA PAUPERIS** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis. Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status, however. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

  *Petitioner is advised that in order to avoid dismissal of his case, he must either pay the $5.00 filing fee or submit adequate proof of his inability to pay the filing fee no later than November 7, 2006.* If Petitioner does not pay the $5.00 filing fee or submit adequate proof of his inability pay the fee by November 7, 2006, his case will be dismissed without prejudice, and he will have to begin again by filing a new petition which may be barred by the statute of

1  limitations.[1]  **The Clerk of Court is directed to mail Petitioner a blank Motion to Proceed**
2  **in Forma Pauperis form, including the proper Prison Certificate form.**
3      **IT IS SO ORDERED.**
4  DATED: 9/7/06                          _____
                                            Barbara Lynn Major
5                                          United States Magistrate Judge

---

[1] The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).
    The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).