# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD TERRY,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>R. K. WONG, Warden,<br><br>　　　　　　　Respondent. | Civil No. 06cv1669-BTM (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DISMISSING THE ATTORNEY GENERAL AS A RESPONDENT;**<br><br>**(3) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**(4) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; AND**<br><br>**(5) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

　　　Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner challenges his conviction of six counts of robbery and resultant sentence of 41 years and 8 months in state prison, claiming that his federal due process rights were violated by the failure of the trial court to sua sponte instruct the jury regarding out-of-court eyewitness identifications, and failure to answer a jury question.  (Pet. at 6-7.)  Respondent Warden R. K. Wong moves to dismiss the Petition on the basis it was filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  (Doc. No. 12.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Barbara L. Major. (Doc. No. 13.) The Magistrate Judge found that the Petition was filed after the statute of limitations had expired, and that there is no basis for statutory or equitable tolling, and recommends granting Respondent's Motion to Dismiss. In addition, the Magistrate Judge found that the Attorney General of the State of California is not a proper Respondent to this action, and recommends the Attorney General be dismissed sua sponte as a named Respondent. No party has filed objections to the R&R.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court adopts the findings and conclusions of the Magistrate Judge as set forth below, dismisses the Attorney General, grants Respondent's Motion to Dismiss, dismisses the Petition as untimely, and declines to issue a Certificate of Appealability.

The Court adopts the Magistrate Judge's finding that the California Attorney General is not a proper Respondent to this action. (R&R at 7-8.) The California Attorney General is hereby **DISMISSED** as a Respondent.

The appellate court affirmed Petitioner's conviction on May 15, 2002, rejecting his sole claim that insufficient evidence existed to support two of the robbery convictions. (Lodgment No. 3.) The Magistrate Judge found that the one-year statute of limitations began to run on the date Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review within the meaning of 28 U.S.C. § 2244(d)(1)(A). (R&R at 9-10.) The Magistrate Judge found that because Petitioner did not file a petition for review in the state supreme court, his conviction became final on June 24, 2002, the last day he could have timely filed a petition for review. (Id.)

On June 6, 2002, Petitioner wrote to his appellate counsel and asked him to file a petition for review on his behalf. (Lodgment No. 8, Ex. D.) Petitioner received a letter from counsel

date July 8, 2002, after the time to file a petition for review had expired, in which counsel stated that he had been out of the country when the appellate court opinion was filed, that he would not file a petition for review on Petitioner's behalf because he did not believe it would have a reasonable chance for success, and suggested that Petitioner file a pro se petition for review and ask the state supreme court to excuse the late filing on the basis that Petitioner had not received a copy of the appellate court order. (Id.) Petitioner contends that he then filed a petition for review in the state supreme court on July 24, 2002, and the prison mail log confirms that Petitioner mailed something to the clerk of the state supreme court on that date. (Id., Ex. E.) However, on May 29, 2003, Petitioner inquired of the state supreme court as to the status of his petition for review, and was informed by the clerk on June 3, 2003, that no petition for review had ever been filed. (Id., Ex. F.)

Petitioner waited nearly sixteen months after that notification before filing a habeas petition in the state supreme court on September 24, 2004. (Lodgment No. 8.) He attached a petition for review to the habeas petition in which he presented, for the first and only time to any state court, the claims now presented in his federal Petition. (Id.) Petitioner argued that he was entitled to tolling of the time to file a petition for review due to a mental illness which had prevented him from proceeding with his direct appeal after his appellate counsel refused to continue to represent him. (Id.) While that habeas petition/request to file a petition for review was pending in the state supreme court, Petitioner filed a habeas petition in the state superior court on October 11, 2004, raising claims challenging his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), claims which are not presented in the federal Petition here. (Lodgment No. 4.) That petition was denied on February 23, 2005, and the same claims were presented to the appellate court in a habeas petition filed April 11, 2005, which was denied on May 20, 2005. (Lodgment Nos. 5-7.) On June 20, 2005, Petitioner requested the state supreme court to consolidate the lower state court habeas proceedings with his state supreme court habeas petition/request to file a petition for review. (Lodgment No. 9.) The state supreme court denied the habeas petition/request to file a petition for review on August 17, 2005, with a solitary citation to In re Dixon, 41 Cal.2d 756 (1953).

(Lodgment No. 9.)  The Dixon case provides that, "[i]n California, a convicted defendant desiring to bring claims in a state habeas petition, must, if possible, have pursued the claims on direct appeal from his conviction." Park v California, 202 F.3d 1146, 1151 (9th Cir. 2000).

The Court adopts the Magistrate Judge's finding that the one-year statute of limitations began to run on June 24, 2002, the last day Petitioner could have timely filed a petition for review. The Court also adopts the Magistrate Judge's finding that Petitioner was not entitled to statutory tolling for the time that his state post-conviction proceedings were pending because the first state habeas petition, filed on September 24, 2004, as well as all the subsequent state petitions, were filed after the limitations period had expired on June 24, 2003. (R&R at 10-11.) The Court adds that even assuming tolling is appropriate from the time the conviction became final on June 24, 2002 until Petitioner was informed on June 3, 2003 that no petition for review had been filed, that is, assuming Petitioner is entitled to tolling for the period he mistakenly believed a petition for review was pending due to the loss of the petition by the state supreme court and/or due to abandonment of his case by appellate counsel, such tolling would have ended on June 3, 2003, when he became aware that no petition for review had been filed. The one-year limitations period would have expired during the nearly sixteen months Petitioner delayed in filing his first petition for post-conviction collateral relief on September 24, 2005. The same would be true if the statute of limitations did not begin to run until Petitioner was informed that no petition for review had been filed. See e.g. 28 U.S.C. § 2244(d)(1)(B) & (D). With these additional observations, the Court adopts the Magistrate Judge's finding that statutory tolling is unavailable because the limitations period expired prior to Petitioner commencing state post-conviction proceedings.

The Magistrate Judge next found that equitable tolling was not appropriate because the medical records submitted by Petitioner do not support a finding that Petitioner was unable to pursue his case due to a mental or physical disability. (R&R at 11-20.) Rather, as the Magistrate Judge correctly found, the record shows that Petitioner was capable of corresponding with his appellate counsel regarding the procedures for pursuing his appeal and monitoring the status of his appeal, and had attempted to file a petition for review in the state supreme court only thirty

days after the statute of limitations had began to run. (R&R at 17-18.) The Court adopts these findings, and adds that Petitioner's ability to file his three state habeas petitions, and his request to file a late petition for review, demonstrates that, even assuming Petitioner suffers from a mental or physical disability, equitable tolling is not available because the disability was not a proximate cause of Petitioner's failure to timely file his federal Petition. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (physical and mental disabilities did not constitute "extraordinary circumstances" to support equitable tolling because they did not prevent prisoner from meeting other filing deadlines); Laws v. Lamarque, 351 F.3d 919, 922-23 (9th Cir. 2003) (stating that equitable tolling is available only where a petitioner's alleged mental incompetence somehow made a timely habeas petition impossible); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (the burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence).

## CONCLUSION AND ORDER

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth in this Order, sua sponte **DISMISSES** the California Attorney General as a Respondent, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** the Petition as untimely pursuant to 28 U.S.C. § 2244(d). The Court **DECLINES** to issue a Certificate of Appealability. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 6, 2007

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge